Lawrence E. Heller, Esq. (SB #69770)
**HELLER & EDWARDS**
9454 Wilshire Boulevard, Suite 500
BEVERLY HILLS CA 90212-2982
Telephone:   (310) 550-8833
Facsimile:   (310) 858-6637

Peter I. Bersin, Esq. (SB #65202)
**LAW OFFICES OF PETER I. BERSIN**
9454 Wilshire Boulevard, Suite 500
BEVERLY HILLS CA 90212-2982
Telephone: (310) 858-6935
Facsimile: (310) 275-6647

Attorneys for Plaintiff RUDOLPH INTERNATIONAL, INC.,
dba SOFT TOUCH PROFESSIONAL PRODUCTS

# UNITED STATES DISTRICT COURT
## WESTERN DIVISION
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH INTERNATIONAL, INC., a California corporation dba SOFT TOUCH PROFESSIONAL BEAUTY PRODUCTS,<br><br>Plaintiff,<br><br>vs.<br><br>REALYS, INC., a California corporation aka TROPICAL SHINE; MICHAEL FALLEY, individually and as alter ego of REALYS, INC.; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: SACV03-1247 AHS<br><br>COMPLAINT FOR:    MLGx<br><br>1. TRADEMARK INFRINGEMENT;<br>2. UNFAIR COMPETITION UNDER THE LANHAM ACT (FALSE DESIGNATION OF ORIGIN);<br>3. UNFAIR COMPETITION UNDER CALIFORNIA STATE LAW;<br>4. TRADEMARK INFRINGEMENT UNDER STATE LAW;<br>5. COMMON LAW UNFAIR COMPETION; AND<br>6. INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff RUDOLPH INTERNATIONAL, INC., a California corporation dba SOFT TOUCH PROFESSIONAL BEAUTY PRODUCTS, complains of the above-named defendants as follows:

//

ENTER ON ICMS
AUG 18 2003

Complaint.wpd

## JURISDICTION

1. This is an action arising under §§32 and 43(a) of the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§1051-1127; and under the laws of the State of California; for trademark infringement, and for unfair competition. Plaintiff seeks interim and permanent injunctive relief and money damages.

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§1121, 1125(a), and 28 U.S.C. §§1331, 1332, 1337 and the principles of pendent jurisdiction pursuant to §1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) in that defendants or their agents reside or may be found in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred and continue to occur in this district.

## THE PARTIES

4. Plaintiff RUDOLPH INTERNATIONAL, INC. dba SOFT TOUCH PROFESSIONAL BEAUTY PRODUCTS ("Plaintiff") is a corporation organized and existing under the laws of the State of California having its principal office and place of business in Brea, California.

5. Plaintiff is informed and believes, and therefore alleges, that Defendant REALYS, INC. ("Realys") is, a corporation organized and existing under the laws of the State of California having its principal office and place of business in Huntington Beach, California.

6. Plaintiff is informed and believes, and therefore alleges, that Defendant MICHAEL FALLEY ("Falley") is, a citizen and resident of the State of California, and the Chief Executive Officer and alter ego of Defendant Realys, and controls and directs the business activities of that corporation.

7. Plaintiff is ignorant of the true names and capacities of Does 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the fictitiously named defendants is responsible in some manner, way or form, and to some extent

1 for the acts, events, and occurrences hereinafter alleged, and that Plaintiff's damages and
2 injuries as hereinafter alleged were proximately caused by their conduct. Wherever appearing
3 in this Complaint, each and every reference to "Defendants" is intended to be and shall be a
4 reference to all defendants in this action, and each of them, including all fictitiously named
5 defendants.

6     8.    At all times herein mentioned defendants Realys, Falley and Does 1 through
7 100, inclusive, and each of them, were agents, principals, servants, representatives,
8 employers, and employees of each and every other defendant, and in doing the things
9 hereinafter mentioned, were acting in the scope of their authority as such agents, servants and
10 employees and with the permission and consent of their co-defendants and each of them.

## COUNT ONE
### FEDERAL TRADEMARK INFRINGEMENT
**(Word Trademark)**

15     9.    Plaintiff incorporates and realleges the averments of Paragraphs 1 through 8,
16 inclusive, of this Complaint, as though fully set forth herein.

17     10.    Plaintiff is a leading manufacturer and distributor of manicure implements,
18 including, but not limited to, foot and nail emery boards ("Emery Board Products"). In or about
19 April, 2001, following extensive and expensive laboratory testing, Plaintiff established that its
20 Emery Board Products used for filing human nails, could be sterilized and reused, thereby
21 making them more useful and desirable to Plaintiff's customer base of professional nail salons.
22 Commencing on April 4, 2001, Plaintiff adopted the trademark "DISINFECTABLE," which it
23 clearly imprinted on each Emery Board Products subsequently sold by Plaintiff, and on all
24 packaging of said Emery Board Products. Plaintiff has extensively and continuously used said
25 trademark in the marketing and sale of its Emery Board Products.

26     11.    Over the past two years, Plaintiff has sold many thousands of dollars worth of
27 Emery Board Products utilizing the trademark "DISINFECTABLE" in the United States and the
28 trademark is well and favorably known by distributors of professional beauty products and by

retail nail salons who use these Emery Board Products across the United States in providing manicure related services.

12. Plaintiff has extensively advertised and promoted the trademark "DISINFECTABLE." Plaintiff has also notified state Boards of Cosmetology, across the United States who govern and license the manicuring industry that the Emery Board Products which bear the trademark "DISINFECTABLE" can be disinfected and reused. As a result of these activities customers and potential users of these Emery Board Products know and recognize this trademark as being associated exclusively with Plaintiff.

13. The trademark "DISINFECTABLE" is an asset of inestimable value to Plaintiff, representing and embodying Plaintiff's goodwill and favorable reputation.

14. Plaintiff has filed for registration of the "DISINFECTABLE" trademark in the United States Patent & Trademark Office on December 18, 2000 under serial no. 76/183329. A final resolution of Plaintiff's application is still pending.

15. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, who are direct competitors of Plaintiff, are selling and marketing in commerce in the United States emery board products which utilize and are imprinted with Plaintiff's trademark "DISINFECTABLE," ("Accused Products") and therefore are likely to cause confusion, or to cause mistake, or to deceive consumers of these competing products.

16. The word imprinted in Defendants' Accused Products is identical both visually, in spelling and in pronunciation to Plaintiff's well-known trademark.

17. The likelihood of confusion between Plaintiff's trademark "DISINFECTABLE" and Defendants' Accused Products is increased due to the fact that both marks are used on identical and competing products which are being marketed and sold to the same ultimate consumers.

18. Defendants' use of the word "DISINFECTABLE" to identify their Accused Products is likely to confuse or deceive members of the public and persons in the cosmetology trade into believing, contrary to fact, that Defendants' Accused Products are made or sold by Plaintiff, or are licensed, endorsed, sponsored or otherwise authorized by or affiliated with

Plaintiff.

19. Defendants' use of the trademark "DISINFECTABLE" to identify their Accused Products infringes upon Plaintiff's rights in and to its trademark "DISINFECTABLE" in violation of Section 32 of the Lanham Act.

20. Defendants were well aware of the existence and fame of Plaintiff's "DISINFECTABLE" trademark and of its pending application for trademark registration, and were formally requested to cease and desist the competing use of that trademark as of March 26, 2003, which Defendants refused to do.

21. Plaintiff is informed and believes, and thereon alleges, that Defendants intentionally and deliberately continued to use the infringing mark in the hopes of creating a likelihood of confusion with Plaintiff and its Emery Board Products.

22. As a result of Defendants' infringement, Plaintiff has suffered, and is continuing to suffer, irreparable injury, and has incurred, and is continuing to incur, monetary damages in an amount to be determined, including but not limited to, attorneys fees.

23. The infringing activities of Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

## COUNT TWO
## **FEDERAL UNFAIR COMPETITION**
### (False Designation of Origin)

24. Plaintiff incorporates and realleges the averments set forth in Paragraphs 1 through 23, inclusive, of this Complaint as though fully set forth herein.

25. Defendants unauthorized use of the infringing mark "DISINFECTABLE" in connection with their sale and distribution of the Accused Products is likely to cause confusion, mistake or deception among purchasers and potential purchasers of Emery Board Products bearing the "DISINFECTABLE" trademark and constitute a false description and/or false designation of origin, which are damaging to Plaintiff.

26. Defendants' intentional use of the term "DISINFECTABLE" to identify their Accused Products and thereby compete with Plaintiff in the same market constitutes federal

1  unfair competition in violation of §§43(a) and (c) of the Lanham Act, 15 U.S.C. §1125(a).

2  27.   As a result of Defendants' unfair competition, Plaintiff has suffered, and is continuing to suffer, irreparable injury, and has incurred, and is continuing to incur, monetary damages in an amount to be determined at trial.

28.   The unfair competitive activities of Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

29.   Plaintiff is informed and believes and thereon alleges, that Defendants' unfair competitive acts were undertaken wilfully and with the intention of causing confusion, mistake or deception.

## COUNT THREE

## UNFAIR COMPETITION UNDER CALIFORNIA STATE LAW

**(Violation of *California Business & Professions Code §17200*)**

30.   Plaintiff incorporated and realleges the averments of Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.   Supplemental jurisdiction for this Court further arises under *Business & Professions Code*, §17200, *et. seq.*

32.   Defendants' activities as set forth herein also constitute trademark infringement and unfair competition under the laws of the State of California and at common law.

33.   As a result of Defendants' intentional state and common law trademark infringement and unfair competition, Plaintiff has suffered, and is continuing to suffer, irreparable injury, and has incurred, and is continuing to incur, monetary damages in an amount to be determined at trial.

34.   The infringing and unfair competitive activities of Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

## COUNT FOUR

## COMMON AND STATUTORY TRADEMARK INFRINGEMENT UNDER STATE LAW

35.   Plaintiff incorporates and realleges the averments of Paragraphs 1 through 34,

1  inclusive, of this Complaint, as though fully set forth herein.

2      36.    By their acts alleged herein, Defendants have engaged in trademark infringement under the common and statutory laws of the State of California and *California Business and Professions Code* § 14330, *et seq.*

    37.    Defendants have intentionally deceived the public by misrepresenting that their Accused Products are in some way sponsored or authorized by Plaintiff and "DISINFECTABLE."

    38.    Plaintiff is informed and believes, and thereon alleges that, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception on the part of the consumers of Emery Board Products.

    39.    As a proximate result of the acts of Defendants as alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage will be increased since no adequate remedy at law exists.

## COUNT FIVE

## COMMON LAW UNFAIR COMPETITION

    40.    Plaintiff incorporates and realleges the averments set forth in Paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

    41.    Defendants' adoption and unauthorized use of Plaintiff's trademark in the marketing and sale of their competing Accused Products permits Defendants to pass off their Accused Products as being sold, sponsore, authorized or otherwise affiliated with Plaintiff.

    42.    Defendants' acts constitute unfair competition under California common law.

    43.    As a direct and proximate result of Defendants' unfair competitive acts as alleged herein, Plaintiff has suffered and will continue to suffer damages, including lost profits, in an amount subject to proof at trial.

    44.    Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of

this action and permanently thereafter, from marketing, distributing and offering for sale or selling their infringing and deceptive Accused Products.

45.     Defendants' acts of unfair competition were intentional, fraudulent and malicious. By reason thereof, Plaintiff is also entitled to an award of punitive and exemplary damages against Defendants in an amount to be determined at trial.

## COUNT SIX

## INJUNCTIVE RELIEF

46.     Plaintiff incorporates and realleges the averments of Paragraphs 1 through 45, inclusive, of this Complaint, as though fully set forth herein.

47.     Defendants' wrongful conduct as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff in that such conduct, among other things, may prevent Plaintiff from expanding its business as planned.

48.     Plaintiff has no adequate remedy at law for many of the injuries that are threatened in that it will be impossible for Plaintiff to determine the precise amount of damage it will suffer if Defendants' conduct is not restrained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, and prays for a judgment and order that:

1.      Defendants, their officers, directors, agents, servants, employees, and all persons in active concert and participation with them, shall be enjoined by preliminary and permanent injunction and restrained from, in any manner, directly or indirectly, using, promoting, advertising, or displaying the trademark "DISINFECTABLE";

2.      Defendants, their officers, directors, agents, servants, employees, and all persons in active concert and participation with them, shall be enjoined by preliminary and permanent injunction and restrained from, in any manner, directly or indirectly, distributing, offering to sell, or selling any Emery Board Products advertised by the trademark listed herein, or any mark confusingly similar to Plaintiff's trademark;

3. Defendants shall account and pay over to Plaintiff, all profits which Defendants have derived from any sale of Emery Board Products through the use of Defendants' accused mark and all damages which Plaintiff has sustained by reason of Defendants' manufacture, importation, use and/or sale of Emery Board Products imprinted with the "DISINFECTABLE" mark.;

4. All damages awarded hereunder shall be trebled in accordance with the provisions of 15 U.S.C. §1117;

5. Any labels, prints, signs, packages, wrappers, receptacles, and advertisements bearing the infringing mark shall be delivered up for impoundment and ultimate destruction as the Court directs, pursuant to 15 U.S.C. §1116;

6. Defendants shall file a report with the Court under oath in accordance with 15 U.S.C. §1116 setting forth the manner and form of their compliance with this Court's injunction;

7. Defendants shall be required to recall all infringing products which they have heretofore sold, and to offer a full and complete refund to all purchasers of such products;

8. This case shall be deemed an exceptional case under 15 U.S.C. §1117 and Defendants shall pay Plaintiff its reasonable attorney's fees incurred in the action;

9. Plaintiff shall be awarded damages under all pertinent claims, as well as exemplary and punitive damages under its state common law unfair competition claim; and

10. Plaintiff shall be awarded such other and further relief as this Court may deem just and proper.

DATED: August 12, 2003.                   **HELLER & EDWARDS**

By: /s/ Lawrence E. Heller
LAWRENCE E. HELLER
Attorneys for Plaintiff RUDOLPH INTERNATIONAL, INC. dba SOFT TOUCH PROFESSIONAL BEAUTY PRODUCTS

Complaint.wpd

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, *Fed. R. Civ. Procedure*, Plaintiff hereby demands a trial by jury.

DATED: August 12, 2003.

**HELLER & EDWARDS**

By: _/s/ Lawrence E. Heller_
LAWRENCE E. HELLER
Attorneys for Plaintiff RUDOLPH INTERNATIONAL, INC. dba SOFT TOUCH PROFESSIONAL BEAUTY PRODUCTS

Lawrence E. Heller (SBN 69770)
HELLER & EDWARDS
9454 Wilshire Boulevard, Suite 500
BEVERLY HILLS CA 90212-2982
Telephone: (310) 550-8833
Facsimile: (310) 858-6637

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH INTERNATIONAL, INC., a California corporation dba SOFT TOUCH PROFESSIONAL Beauty Products  PLAINTIFF(S)<br>v.<br>REALYS, INC., a Caliofornia corporation aka TROPICAL SHINE; MICHAEL FALLEY, individually and as the alter ego of REALYS, INC.; and DOES 1 through 100, Inclusive,  DEFENDANT(S). | CASE NUMBER<br><br>SACV03-1247 AHS MLGx<br><br>SUMMONS |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney HELLER & EDWARDS _____, whose address is:

9454 Wilshire Boulevard, Suite 500, Beverly Hills,
California 90212-2982

an answer to the ☒ complaint ☐ _____ amended compliant ☐ counterclaim ☐ cross-claim which is herewith served upon you within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Dated: AUG 1 3 2003

Clerk, U.S. District Court

By: KERRI GLOVER
    Deputy Clerk
    (Seal of the Court)

---

CV-01A (01/01)                            SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RUDOLPH INTERNATIONAL, INC., a California corporation dba SOFT TOUCH PROFESSIONAL BEAUTY PRODUCTS

**DEFENDANTS**
REALYS, INC., a California corporation aka TROPICAL SHINE
MICHAEL FALLEY, individually and as alter ego of REALYS, INC.

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
ORANGE COUNTY

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
ORANGE COUNTY

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lawrence E. Heller, Esq.
HELLER & EDWARDS
9454 Wilshire Boulevard, Suite 500
BEVERLY HILLS CA 90212-2982
Telephone: (310) 550-8833

**Attorneys** (If Known)
unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act, 15 USC Sections 1051-1127

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 810 Selective Service | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 850 Securities/Commodities /Exchange | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | BANKRUPTCY | FORFEITURE PENALTY | PROPERTY RIGHTS |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 891 Agricultural Act | | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 892 Economic Stabilization Act | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 441 Voting | | SOCIAL SECURITY |
| ☐ 894 Energy Allocation Act | ☐ 195 Contract Product Liability | | ☐ 442 Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 895 Freedom of Information Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 210 Land Condemnation | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (01/03)     CIVIL COVER SHEET     Page 1 of 2

SACV 03-1247 AHS MLGx

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET
AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s). _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Orange County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
  Orange County

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

  Orange County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Lawrence E. Heller_  Date 08/13/03

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

Pursuant to the Local Rules Governing Duties of Magistrate Judges, the following Magistrate Judge has been designated to hear discovery motions for this case at the discretion of the assigned District Judge:

**(MLGx)**

- [ ] Paul L. Abrams
- [ ] Robert N. Block
- [ ] Rosalyn M. Chapman
- [ ] Elgin Edwards
- [ ] Charles Eick
- [X] Marc Goldman
- [ ] Stephen J. Hillman
- [ ] Jeffrey W. Johnson
- [ ] Ann I. Jones
- [ ] Victor B. Kenton
- [ ] Stephen G. Larson
- [ ] Jennifer T. Lum
- [ ] James W. McMahon
- [ ] Margaret A. Nagle
- [ ] Arthur Nakazato
- [ ] Fernando M. Olguin
- [ ] Brian Q. Robbins
- [ ] Suzanne H. Segal
- [ ] Carolyn Turchin
- [ ] Patrick J. Walsh
- [ ] A. J. Wistrich
- [ ] CARLA WOEHRLE
- [ ] Ralph Zarefsky

Upon the filing of a discovery motion, the motion will be presented to the United States District Judge for consideration and may thereafter be referred to the Magistrate Judge for hearing and determination. The Magistrate Judge's initials should be used on all documents filed with the Court so that the case number reads as follows:

**SACV03- 1247 AHS (MLGx)**

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (08/02) NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY